**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**ROBERT D. POLINO,**

        **Plaintiff,**

**v.**

                                      **CIVIL ACTION NO.: 1:22-CV-13
(JUDGE KLEEH)**

**THE HUNTINGTON NATIONAL BANK,**

        **Defendant.**

## REPORT AND RECOMMENDATION RECOMMENDING REMAND

This matter comes before the undersigned U.S. Magistrate Judge pursuant to an Order of Referral entered by the Honorable United States District Judge Thomas S. Kleeh on February 11, 2022. [ECF No. 2]. Presently pending before the Court is Defendant The Huntington National Bank's Motion to Dismiss. [ECF No. 4; *see also* ECF Nos. 5, 21]. On March 23, 2022, Defendant filed a Notice, [ECF No. 25], representing that Defendant does not oppose remand back to the Circuit Court of Marion County, West Virginia if the Court believes it lacks subject matter jurisdiction over the action.

For the reasons stated herein, the undersigned **FINDS** that this Court lacks subject matter jurisdiction over this matter which involves the validity of a statutory form power of attorney and access to finances during an ongoing state Adult Protective Services investigation. Accordingly, the undersigned **RECOMMENDS** that this matter be **REMANDED** to the Circuit Court of Marion County, West Virginia, [ECF No. 4], and **STRICKEN** from the active docket of this Court. The undersigned consequently **RECOMMENDS** that the Motion to Dismiss, [ECF Nos. 4], be **HELD IN ABEYANCE** until the Motion may be properly handled upon remand by the state circuit court.

1

## I.      BACKGROUND

On January 3, 2022, *pro se* Plaintiff Robert D. Polino filed a Complaint in the Circuit Court of Marion County, West Virginia alleging that a statutory power of attorney ("POA"), authorizing him to make property decisions for his mother Kathleen Polino, is not being honored by Defendant The Huntington National Bank ("Huntington"). [ECF No. 1-1 at 7]. Plaintiff's *pro se* Complaint requested relief in the form of access to the bank accounts, $800,000 for current costs and expenses, including for "personal humiliation," and the no-cost issuance of all needed bank orders. [ECF No. 1-1 at 7-8].

On February 7, 2022 Defendant removed the case to this Court under diversity jurisdiction, as the parties are diverse in citizenship and the amount-in-controversy, as alleged by Plaintiff, exceeds $75,000. [ECF No. 1].

On February 11, 2022, the Honorable United States District Judge Thomas S. Kleeh entered an Order referring this matter to the undersigned for the purposes of conducting a scheduling conference and issuing a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise. [ECF No. 2]. On the same day, the undersigned entered a First Order and Notice Regarding Discovery and Scheduling setting initial planning and disclosure deadlines in this matter. [ECF No. 3].

On February 14, 2022, Defendant filed Motion to Dismiss, [ECF No. 4], and Memorandum of Law in Support, [ECF No. 5], arguing the Complaint should be dismissed for two reasons: (1) lack of standing and (2) failure to state a cognizable legal cause of action. Defendant asserted that

in May of 2019, Plaintiff attempted to close Kathleen Polino's savings account and transfer the funds into her checking; Defendant denied Plaintiff access to the accounts and informed him there was no valid power of attorney. [ECF No. 5]. In October 2015, Plaintiff was provided with access to his mother's accounts as he appeared on a signature card as her agent with a POA. [Id.] On June 13, 2016, Kathleen Polino provided a hand-written note stating Plaintiff was to be removed as power of attorney from the accounts; signature cards for both accounts containing "Removal of POA" of Robert Polino were subsequently filed. [Id.] On August 30, 2016, a signed and notarized letter by Kathleen Polino requesting Plaintiff's removal from the accounts was filed.

A Status Conference was held on March 3, 2022 wherein Plaintiff represented he had a valid, notarized power of attorney that was executed in 2019. The Court directed Plaintiff to provide a copy of such a document to counsel for the Defendant who was further directed to submit said document to the Court, if provided. Counsel for the Defendant made an oral motion, [ECF No. 11], to continue all discovery, disclosure, and planning deadlines previously imposed; the undersigned granted the oral motion by written Order. [ECF No. 12].

On March 8, 2022, the parties provided the 2019 Power of Attorney to the Court. [ECF No. 14].

On March 16, 2022, Defendant filed a Supplemental Memorandum of Law in Support of Defendant The Huntington National Bank's Motion to Dismiss. Within the Motion, Defendant fully incorporates and reaffirms the arguments made in the original Motion to Dismiss, [ECF No. 21 at 2]. Defendant adds that Plaintiff's Complaint should be dismissed, despite the 2019 Power of Attorney, because, pursuant to W. Va. Code § 39B-1-12(c)(6), Defendant Huntington was not required to accept or honor the power of attorney where Defendant Huntington has actual

knowledge that the Adult Protective Services Division ("APS") of West Virginia's Department of Health and Human Resources has received a report stating a good faith belief that Kathleen Polino may be subject to physical or financial abuse, neglect, exploitation or abandonment by Plaintiff Robert D. Polino. [ECF No. 21 at 5]. Defendant includes as an exhibit an affidavit by Melissa Smart, Senior Vice President for the Huntington National Bank testifying to her actual knowledge of said APS report.

On March 18, 2022, *pro se* Plaintiff filed with the Court "all of [his] paperwork" responsive to the case including his letters written to counsel for the Defendant, another copy of the 2019 Statutory Power of Attorney, and a copy of Defendant's Motion to Dismiss. [ECF No. 22].

A second Status Conference was conducted on March 21, 2022. [ECF Nos. 13, 23]. The parties were directed to meet and confer prior to said Status Conference. [ECF No. 15]. At the Status Conference, both parties confirmed that there is an ongoing investigation by APS. The parties also proffered on the record that the funds inside the bank account at issue total less than $75,000.

At the Status Conference, the undersigned inquired of counsel for the Defendant regarding this Court's subject matter jurisdiction and ability to hear the case under diversity jurisdiction as alleged. Plaintiff represented to the Court that he would prefer to handle this matter in the circuit courts of West Virginia, hence why he initiated this action in the Circuit Court of Marion County, West Virginia. The undersigned instructed the parties they would be given the opportunity to file supplemental briefs on the issue of this Court's jurisdiction over this matter.

The Court subsequently entered an Order providing for the filing of supplemental briefs by March 28, 2022. [ECF No. 24]. Specifically, the Order invited the parties to file briefs, if they so

choose, as to two limited issues (1) whether this Court has subject matter jurisdiction over a matter related to state domestic relations, particularly related to dispute regarding the validity of a statutory power of attorney where an adult protective services investigation is pending; and (2) whether diversity jurisdiction can be maintained where the parties agree that the actual economic damages are less than $75,000, and the amount-in-controversy alleged arises from non-economic damages which at this time are unsubstantiated and noncalculable. [Id.]

On March 23, 2022, Defendant filed a Notice, [ECF No. 25], representing that Defendant "has no objection to remand if the Court believes it lacks subject matter jurisdiction over this action." Defendant further stated that Defendant would not be taking the opportunity to file a supplemental brief on the two limited jurisdictional issues outlined in the Court's prior Order. [Id.].

## II.     ANALYSIS

### A. Subject Matter Jurisdiction

District courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). A district court "must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim." Fed. R. Civ. P. 12(h)(3); Duffield v. Memorial Hosp. Ass'n, 361 F. Supp. 398 (S.D. W. Va. 1973), aff'd sub. nom. Duffield v. Charleston Area Medical Ctr., 503 F.2d 512 (4th Cir. 1974); see also Bolin v. Chavez, 210 F.3d 389 (10th Cir. 2000) (permitting sua sponte dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure). Indeed, whenever the Court is without subject matter jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012-16 (1998);

Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999). *See also* Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) ("As we have recognized, a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction.").

(i) *Domestic Relations Exception*

Generally, federal courts abstain from interference in domestic relations matters best left within the providence of state courts. *See* Ex parte Burrus, 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."); Wasserman v. Wasserman, 671 F.2d 832, 834 (4th Cir. 1982) ("[F]ederal courts have long held that diversity jurisdiction does not include the power to grant divorces, determine alimony or support obligations, or determine child custody rights."); Roe v. Jenkins, No. 1:20-CV-140, 2020 WL 9257057, at *1 (N.D.W. Va. Aug. 5, 2020) (Aloi, J.), *report and recommendation adopted*, No. 1:20-CV-140, 2021 WL 1026524 (N.D.W. Va. Mar. 17, 2021) (Kleeh, J.).

Here, the central issue is whether an adult son should have access to his mother's account at a financial institution when the mother and son executed a West Virginia Statutory Form Power of Attorney in 2019, but since that time, questions have developed regarding the mother's competency and Adult Protective Services Division of West Virginia's Department of Health and Human Resources has since received a report stating a good faith belief that the mother may be subject to physical or financial abuse, neglect, exploitation or abandonment by the son.

The power to intervene in and adjudicate issues of mental hygiene, guardianship, and the protection of West Virginia's vulnerable adults rest with the state. The long-standing "domestic relations exception" to subject matter jurisdiction effectively "divests the federal courts of power

to issue . . . decrees" related to family law issues. <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 703 (1992); *see also*, <u>Cantor v. Cohen</u>, 442 F.3d 196, 202 (4th Cir. 2006) (holding that "federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters."); *and* <u>Makau v. Meyer</u>, No. 1:16CV1346, 2017 WL 439518, at *2 (M.D.N.C. Jan. 11, 2017), *report and recommendation adopted*, No. 1:16CV1346, 2017 WL 435808 (M.D.N.C. Feb. 1, 2017), *aff'd*, No. 17-1154, 2017 WL 2703619 (4th Cir. June 22, 2017) (collecting cases).

Moreover, to the extent that there are on-going state court proceedings and possible pending appeals related to the APS investigation, the undersigned is, likewise, of the opinion that the Court should be wary and abstain from exercising its jurisdiction pursuant to the <u>Younger</u> abstention doctrine and the <u>Rooker-Feldman</u> doctrine. *See* <u>Younger v. Harris</u>, 401 U.S. 37 (1971); <u>District of Columbia Ct. App. v. Feldman</u>, 460 U.S. 462, 482-86 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923). The <u>Younger</u> abstention doctrine provides that federal court abstention is proper when: (1) there is an on-going state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present any federal claims in the state proceeding. <u>Makau</u>, No. 1:16CV1346, 2017 WL 439518, at *2 (M.D.N.C. Jan. 11, 2017), *report and recommendation adopted*, No. 1:16CV1346, 2017 WL 435808 (M.D.N.C. Feb. 1, 2017), *aff'd*, 691 F. App'x 781 (4th Cir. 2017). "Under the Rooker–Feldman doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" <u>American Reliable Ins. Co. v. Stillwell</u>, 336 F.3d 311, 316 (4th Cir. 2003). It is impossible to perform a fuller abstention analysis without more facts related to pending APS investigation. However, the undersigned finds that the <u>Younger</u> abstention doctrine, the <u>Rooker-Feldman</u> doctrine and the "domestic relations

exception" to subject matter jurisdiction provide consistent guidance to this Court – federal courts should abstain from issues presently and properly pending before state courts, particularly where the issues are those of important state interests, such as the expeditious and local adjudication of adult abuse and neglect matters.

In sum, because this case involves an ongoing APS investigation and involves domestic relations matters traditionally left within the providence of state courts, the undersigned **FINDS** this Court is without subject matter jurisdiction. Thus, the undersigned **RECOMMENDS** that this action should be **REMANDED** to the Circuit Court of Marion County, West Virginia for further proceedings.

*(ii) Diversity Jurisdiction*

Courts generally determine the amount in controversy by reference to the plaintiff's complaint. JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010). However, "if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938). *See also* McDonald v. Patton, 240 F.2d 424, 425–26 (4th Cir.1957) ("[W]hile good faith is a salient factor, it alone does not control; for if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction."). Additionally, "[i]t should also be noted that the damages claimed must be more than merely 'symbolic,' because, 'a claim not measurable in "dollars and cents" fails to meet the jurisdictional test of amount in controversy.'" Zimmer-Hatfield, Inc. v. Wolf, 843 F. Supp. 1089, 1090–91 (S.D.W. Va. 1994) (quoting McGaw v. Farrow, 472 F.2d 952, 954 (4th Cir. 1973)).

In a removal action in which federal jurisdiction is premised upon diversity jurisdiction under 28 U.S.C. § 1332, the defendant bears the burden of proving that the plaintiff's claim exceeds the jurisdictional amount. Bologna v. Enhanced Recovery Co., LLC, No. 5:15-CV-18, 2015 WL 1780881, at *2 (N.D.W. Va. Apr. 20, 2015)(Bailey, J.) (citing Landmark Corp. v. Apogee Coal Co., 945 F.Supp. 932, 935 (S.D.W.Va.1996). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Id. (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)).

Again, the undersigned **FINDS** this Court is without subject matter jurisdiction given the substance of the matter – adult abuse and neglect, mental hygiene, and the validity of a state statutory form power of attorney. However, it is also important to note that during the March 21 Status Conference, both counsel for the Defendant and the *pro se* Plaintiff represented to the Court that the funds within the contested bank account do not meet or exceed $75,000. Plaintiff alleged $800,000 in damages in the Complaint based, in part, on the Plaintiff's inclusion of damages for "personal humiliation" and "being forced to cease repairs on the family residence" which Plaintiff hoped to showcase as a "demo" of his company's restoration abilities. [ECF No. 1-1 at 8].  Upon review, even if this Court were not divested of subject matter jurisdiction based this being a domestic relations matter, it is likely that this Court lacks jurisdiction under 28 U.S.C. § 1332 because Plaintiff cannot meet the jurisdictional amount in controversy requirement. Specifically, it appears Plaintiff's allegation of $800,000 in damages was not made in good faith, was primarily symbolic, and would be insufficient to preserve this Court's diversity jurisdiction over the matter. Overall, since "federal jurisdiction is doubtful, a remand to state court is required." Bologna v.

Enhanced Recovery Co., LLC, No. 5:15-CV-18, 2015 WL 1780881, at *2 (N.D.W. Va. Apr. 20, 2015)(Bailey, J.)

Accordingly, for all of the reasons stated above, the undersigned **FINDS** that this Court lacks subject matter jurisdiction over this matter and, thus, **RECOMMENDS**, that this action be **REMANDED** to the Circuit Court of Marion County, West Virginia.

### B. Motion to Dismiss

Defendant The Huntington National Bank filed a Motion to Dismiss, [ECF No. 4]. and Memorandum of Law in Support, [ECF No. 5], arguing this Court should dismiss Plaintiff's *pro se* Complaint for two reasons: (1) Plaintiff cannot satisfy requirements to have standing in such a case, and (2) Plaintiff fails to state a cognizable legal cause of action. Defendant further argued, in a Supplemental Memorandum, that Plaintiff's Complaint should be dismissed because, pursuant to W. Va. Code § 39B-1-12(c)(6), Defendant Huntington was within its rights not to accept the Power of Attorney presented where Defendant Huntington has actual knowledge that the Adult Protective Services Division ("APS") of West Virginia's Department of Health and Human Resources has received a report stating a good faith belief that Kathleen Polino may be subject to physical or financial abuse, neglect, exploitation or abandonment by Plaintiff Robert D. Polino. [ECF No. 21 at 5].

Because this Court is without subject matter jurisdiction, as articulated above, the undersigned believes that "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012-16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999). The pending Motion to Dismiss, [ECF No. 4], is best deferred to be determined by the court with subject matter

jurisdiction and access to handle the related state matters, such as guardianship or abuse and neglect proceedings concurrently – that is, the Circuit Court for Marion County, West Virginia. Thus, the undersigned necessarily further **RECOMMENDS** that the Motion to Dismiss, [ECF Nos. 4], be **REMANDED** as part of this action and **HELD IN ABEYANCE** until said Motion may be properly handled by the state circuit court upon remand.

### III.    CONCLUSION

For the reasons stated herein, the undersigned **RECOMMENDS** this matter be **REMANDED** to the Circuit Court of Marion County, West Virginia for all further proceedings and **STRICKEN** from the active docket of this Court. The undersigned consequently **RECOMMENDS** that the pending Motion to Dismiss, [ECF Nos. 4], be **HELD IN ABEYANCE** until the Motion may be properly handled by the state circuit court upon remand.

Any party shall have **<u>fourteen (14) days</u>** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objection should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985);

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Circ. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Clerk of Court is further directed to send a copy of this Report and Recommendation to the Honorable Judge Patrick Wilson of the Circuit Court of Marion County, West Virginia, P.O. Box 629, 219 Adams Street, Room 220, Fairmont, WV 26554.

Respectfully submitted on March 29, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE